# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-64-RJC-DSC

| | |
|---|---|
| NEIL BASTA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| NOVANT HEALTH, INC., NOVANT HEALTH ) | |
| SOUTHERN PIEDMONT REGION, LLC, and ) | |
| PRESBYTERIAN HOSPITAL D/B/A NOVANT ) | |
| HEALTH HUNTERSVILLE MEDICAL ) | |
| CENTER, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss, (DE 14); Plaintiff's Response, (DE 16); Defendants' Reply, (DE 17); the Magistrate Judge's Memorandum and Recommendation (M&R), (DE 18); Plaintiff's Objections, (DE 19); Defendants' Response, (DE 20); and Plaintiff's Reply, (DE 21). The Court has also reviewed all associated filings and exhibits. Due to the objection, this court will conduct a *de novo* review of Defendants' motion. 28 U.S.C. § 636(b)(1)(C).

## I.     BACKGROUND

Accepting as true all factual allegations contained in the Amended Complaint, this Court provides the following background:

Plaintiff is a deaf individual who stayed at Novant Health Huntersville Medical Center ("Novant") from June 2 through June 4, 2017, when his pregnant wife was admitted to deliver their child. (DE 12 at 6). Novant has a policy for accommodating hearing impaired individuals that is available online from its website. The policy states:

> We [Novant Health] believe that clear communication is one of the most important ingredients of providing outstanding care. If you or your family have special communication needs, we offer free interpreter services, which include: Foreign Language interpreters, Oral interpreters, TTY and other services for deaf or hard of hearing individuals. When you arrive at one of our Novant Health locations, if you or your family need assistance from an interpreter, let our staff know.

(DE 12 at ¶ 10). Plaintiff requested both before and during his stay that Novant provide a qualified in-person American Sign Language ("ASL") interpreter, but despite Novant's assurance to Plaintiff that they were working on locating one, no such interpreter was provided. (*Id.* at 6–7). Instead, on June 2, 2017—Plaintiff's first day at the hospital—Novant staff gave Plaintiff a Video Remote Interpreter ("VRI") to provide sign language interpreting services through a remote or offsite interpreter. (*Id.* at 12 at 3, 6–7). The VRI was not working properly because it was blurry, choppy, and was too unclear to provide effective communication to Plaintiff. (*Id.* at 7). Novant staff then brought a second VRI, but it too malfunctioned and was too blurry, choppy, and unclear to provide effective communication. (*Id.* at 7). Plaintiff claims he was thus unable to fully understand what was happening throughout the delivery process and was unable to ask questions to Novant's staff. (*Id.* at 7). Plaintiff does admit that he was able to communicate, to at least a limited degree, through written notes, Video Relay Services, and lip-reading. (*Id.* at 2, 6). However, despite his repeated requests over the course of three days, no in-person interpreter was provided throughout his stay. (*Id.* at 7–9). Plaintiff states that he "wishes to seek care in Defendants' facilities again, but has been deterred by the discrimination he has faced and expects to face in the future." (*Id.* at 9).

Plaintiff filed a Complaint on February 17, 2019, followed by an Amended Complaint on April 12, 2019, alleging claims of (1) Violations of Title III of the Americans with Disabilities Act ("ADA"), (2) Violations of Section 504 of the Rehabilitation Act ("RA"), and (3) Violations of Section 1557 of the Patient Protection and Affordable Care Act ("ACA"). (*Id.* at 10–12). Plaintiff

seeks declaratory judgment, injunctive relief, an order to Defendants to devise a new policy and training protocols, and an award of damages. (*Id.* at 15–17). Defendants answered by filing the instant Motion to Dismiss, arguing that Plaintiff failed to plead facts sufficient to support his claim for injunctive relief, that the Amended Complaint shows Defendant did not intentionally discriminate against Plaintiff, and that the claim under the ACA fails because the act does not provide a cause of action for individuals not seeking medical treatment or coverage. (DEs 14, 15). Plaintiff filed a response, after which Defendant filed a reply in support of its original motion. (DEs 16, 17).

When the motion became ripe, the Magistrate Judge recommended that the Court grant Defendants' Motion to Dismiss as to all three claims. (DE 18 (M&R) at 13). The Magistrate Judge recommended that the injunctive relief claim under the ADA be dismissed because Plaintiff had failed to allege a clear intention to return to the Novant Health facility, that the RA claim be dismissed because Plaintiff's stated facts do not state a cognizable claim of intentional discrimination, and that the ACA claim be dismissed for the same reason as the RA claim. (M&R at 6–12). Plaintiff objected, arguing that he provided sufficient factual allegations to establish a prima facie RA claim by showing intentional discrimination under a deliberate indifference standard, and that the ACA claim should prevail as it rises and falls with the RA claim and that the ACA's "health program or activity" requirement did not preclude Plaintiff's ACA claim. (DE 19.) After Defendants' response, (DE 20), Plaintiff replied and confirmed that Plaintiff had no objection to the Magistrate Judge's recommendation to dismiss the ADA claim for injunctive relief. (DE 21 at 1).

3

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

### A. Americans With Disabilities Act Claim

Title III of the ADA prevents discrimination "on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(a). Title III contains no provisions for monetary damages and provides only that aggrieved individuals may seek prospective injunctive relief and attorneys' fees. 42 U.S.C. § 12182(a); *Godbey v. Iredell Mem'l Hosp., Inc.*, No. 5:12-cv-00004-RLV-DSC, 2013 U.S. Dist. LEXIS 117129, at *12–13 (W.D.N.C. Aug. 19, 2013), *aff'd*, 578 F. App'x 317, 318 (4th Cir. 2014). To prevail on injunctive relief, Plaintiff must establish "a real or immediate threat" that he will suffer

4

an injury in the future. *Harty v. Biggs Park, Inc.*, No. 7:11-CV-22-F, 2014 U.S. Dist. LEXIS 118825, at *3 (E.D.N.C. Aug. 26, 2014). At a minimum, an ADA plaintiff must allege that he intends to return to the facility where the alleged injury occurred. *Harty v. Biggs Park, Inc.*, No. 7:11-CV-22-F, 2014 WL 4243823, at *2 (E.D.N.C. Aug. 26, 2014) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992)).

The M&R found that Plaintiff's Amended Complaint fails to allege any intent to return, finding instead that Plaintiff plead the opposite—that he is "deterred" from seeking care at Novant. Accordingly, the M&R found Plaintiff failed to plead imminent future harm and was not entitled to injunctive relief. In Plaintiff's Reply, Plaintiff agreed that it did not object to the M&R's recommendation to dismiss the ADA claim. (DE 21 at 1). As no objection to the M&R's decision to dismiss the ADA claim was filed, and the time for doing so has passed, the parties have waived their right to *de novo* review of this issue. Nevertheless, this Court has conducted a full review of the M&R on this issue and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved.

### B. Rehabilitation Act Claim

Plaintiff also seeks monetary damages under Section 504 of the RA. Under the RA, public entities must ensure effective communications with disabled individuals, and this obligation extends to "companions" of those receiving treatment. 28 C.F.R. §§ 35.160(a)(1)-(2). To recover damages, Plaintiff must show that the public entity "intentionally discriminated" against him. *Pandazides v. Va. Bd. of Educ.*, 13 F.3d 823, 830 & n.9 (4th Cir. 1994).

While the Fourt Circuit has not set forth a standard for intentional discrimination, this Court has defined that standard as "deliberate indifference." *Godbey v. Iredell Memorial Hospital*, No.

5

5:12-cv-4-RLV-DSC, 2013 WL 4494708 at *7–8 (W.D.N.C. Aug. 19, 2013), *aff'd* 578 F. App'x 317, 318 (4th Cir. 2014) ("[W]here reasonable accommodations were made and in the absence of information indicating that such accommodations would fall short in ensuring effective communication, there is no intentional discrimination."); *see also Liese v. Indian River Cty. Hosp. Dist.*, 701 F.3d 334, 344 (11th Cir. 2012) (explaining that deliberate indifference occurs when "the defendant knew that harm to a federally protected right was substantially likely and . . . failed to act on that likelihood"). For an entity like Novant, deliberate indifference cannot be shown by failing to provide ASL-fluent interpreters alone. *Godbey*, 2013 WL 4494708 at *7. Nor can deliberate indifference be shown when, through no fault of its own, one of its electronic devices malfunctions. *Durand v. Fairview Health Servs.*, 902 F.3d 836, 843 (8th Cir. 2018) (simple technological complications during set up or user error do not give rise to intentional discrimination under the Rehabilitation Act).

The M&R then found that Novant was not deliberately indifferent for failing to provide Plaintiff an in-person ASL-interpreter during a single, three-day visit when Novant provided two different VRI devices. In objection, Plaintiff argues that a mere technical failure does not shield Novant from liability for its failure to provide effective communication because this was not a single occurrence, and instead lasted over the three-day visit. In support, Plaintiff cites to cases that show "a hospital's reliance on a malfunctioning VRI system and its failure to provide an effective substitute auxiliary aid is evidence of deliberate indifference." (DE 19 at 5). Plaintiff also argues in objection that the Magistrate Judge erred in finding that Plaintiff was able to effectively communicate with hospital staff, and that Novant's failure to follow its online policy to accommodate hearing impaired individuals in the present case supports a finding of deliberate indifference. In response, Defendants show that Plaintiff's cited caselaw requires systemic and

pervasive problems before a finding of deliberate indifference, which is an allegation that Plaintiff failed to plead. Defendants also argue that even if Novant failed to follow its online policy in one isolated instance, it fails to show deliberate indifference.

In *Sunderland*, cited by Plaintiff, the district court's dismissal of the RA claim on summary judgment was reversed when nine plaintiffs alleged widespread and pervasive failures involving VRI devices and that the hospital had prior notice of the pervasive VRI failures and ignored plaintiffs' individual complaints. *Sunderland v. Bethesda Hosp., Inc.*, 686 F. App'x 807, 809–14 (11th Cir. 2017). Similarly, in *Bax* the court denied summary judgment to dismiss the RA claim on the deliberate indifference issue when two plaintiffs asserted that they were denied in-person interpreters and that there were problems with the VRI throughout numerous hospital visits. *Bax v. Doctors Med. Ctr. of Modesto, Inc.*, No. 1:17-cv-01348-DAD-SAB, 2019 U.S. Dist. LEXIS 110799, at *2–10 (E.D. Cal. July 2, 2019). This theme, that systemic and pervasive problems, rather than an isolated incident, must exist to succeed in showing intentional discrimination through deliberate indifference, is mirrored in the cited caselaw. *See, e.g.*, *Giterman v. Pocono Med. Ctr.*, 361 F. Supp. 3d 392, 397–401 (M.D. Pa. 2019) (systemic technical issues arose from the usage of VRIs during at least three separate visits, some of which were multiple day visits); *Van Vorst v. Lutheran Healthcare*, ECF No. 19-1 at 2 (a "host" of technical difficulties occurred with VRI machines and four plaintiffs).

Plaintiff also heavily relies on *Esparza*, which was decided on a 12(b)(6) motion. The court in *Esparza* denied the hospital's motion to dismiss because plaintiff plead sufficient facts that on a number of visits the VRI machines were ineffective, which may have put the facility on advance notice that harm was substantially likely because the hospital knew its VRI machines were

7

"often ineffective" over a number of occasions. *Esparza v. Univ. Med. Ct. Mgmt. Corp.*, No. 17-4803, 2017 U.S. Dist. LEXIS 142944, at *2–4, 40 (E.D. La. Sept. 5, 2017).

The instant case, which only alleges facts that on a single three-day visit, Plaintiff was not given an in-person ASL-interpreter and that the two different VRI devices were ineffective, is not analogous to the case law on deliberate indifference where the medical facility had systemic and pervasive problems with the VRI system and failed to proffer in-person interpreters over a number of separate visits for numerous plaintiffs. As such, Plaintiff cannot show that Novant knew harm was substantially likely to occur sufficient to meet the deliberate indifference threshold. Plaintiff even acknowledges this when responding to Defendants' argument that there are no allegations of pervasive problems at Novant, when Plaintiff stated that it "anticipates that, if this Court allows Plaintiff's case to proceed" the discovery process will elicit such pervasive problems. (DE 19 at 8). While this Court is sympathetic to Plaintiff's need to engage in discovery to prove its case, a Plaintiff must plead sufficient facts to support a given claim to prevail on a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). While this Court accepts as true all the factual allegations in the Amended Complaint and views them in a light most favorable to Plaintiff, Plaintiff has failed to allege any facts, other than a single isolated occurrence, that show Novant was on notice that harm was substantially likely to occur. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). This is fatal to meeting the deliberate indifference threshold needed to prove intentional discrimination.[1] Moreover, whether Plaintiff was able to successfully communicate

---

[1] This Court declines to define how pervasive a problem must be to put defendants on notice that harm is substantially likely to occur, but one three-day visit with two malfunctioning VRI devices is insufficient.

via notes or lip-reading is not dispositive, nor is Plaintiff's failure to adhere to its stated policy of accommodating hearing-impaired individuals on one occasion because of technical difficulties with the VRI system.

### C. Patient Protection and Affordable Care Act Claim

Plaintiff seeks damages under Section 1557 of the ACA titled "nondiscrimination." Section 1557 states that an individual shall not, under certain acts including Section 504 of the RA, "be subjected to discrimination under, any health program or activity." 42 U.S.C. § 18116. Regulations specific to Section 1557 state that discrimination is prohibited "on the basis of race, color, national origin, sex, age, or disability in certain health programs and activities. 45 C.F.R. § 92.1.

Defendants argue the ACA only provides a cause of action for a person engaged in a "health program or activity" (*i.e.*, a patient) and as a companion Plaintiff has no claim. Plaintiff argues that the ACA also covers companions as the regulations implementing the ACA directly reference and incorporate the RA's regulations, which extend to companions. The M&R declined to opine on this issue, finding instead that the ACA claim failed for the same reason as the RA claim—that Plaintiff had not sufficiently plead facts showing that Novant intentionally discriminated under the deliberately indifferent standard, a necessary element of an ACA claim. Plaintiff does not object, and specifically agrees, that if the ACA claim covers companions, then the two claims rise and fall together. (DE 19 at 13). Thus, the ACA claim fails for the same reason as the RA claim, regardless of whether a companion is covered under the ACA's "health program or activity."

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (DE 18), is **ADOPTED**; and

9

2. Defendants' Motion to Dismiss, (DE 14), is **GRANTED**. Plaintiff's Amended Complaint, (DE 12), is **DISMISSED**.

The Clerk is directed to close this case.

Signed: November 16, 2021

Robert J. Conrad, Jr.
United States District Judge